IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01597-BNB

JOSE RODRIGUEZ,

Applicant,

v.

WARDEN RICHARD SMELSER,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 05 2009

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Jose Rodriguez, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County correctional facility. Mr. Rodriguez has filed a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging an immigration detainer filed against him by the Department of Homeland Security, Immigration and Customs Enforcement (ICE), formerly the Immigration and Naturalization Service.

On August 10, 2009, Magistrate Judge Boyd N. Boland found that, pursuant to 28 U.S.C. § 2241(c), Mr. Rodriguez must be in custody for the purposes of the ICE detainer in order to challenge the detainer. Noting that it did not appear that Mr. Rodriguez was in ICE custody, Magistrate Judge Boland ordered Mr. Rodriguez to show cause why the application should not be denied and the action dismissed. After receiving an extension of time, Mr. Rodriguez filed his response to the Order to Show Cause on October 6, 2009.

The Court must construe the habeas corpus application liberally because Mr. Rodriguez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Rodriguez alleges that he is a political refugee from Cuba, and "has no opportunity for repatriation to his country of origin." Application at 2. He asserts that an ICE detainer has been placed on him that has restricted his progress in DOC custody, because the detainer limits his participation in rehabilitative courses and treatment. He alleges that the detainer has subjected him to double jeopardy and violated his right to equal protection. Mr. Rodriguez seeks removal of the immigration detainer that has been filed against him by ICE. He is not challenging the validity of his conviction or the execution of his sentence in the instant action. He acknowledges that he is currently in DOC custody serving his state sentence.

Pursuant to 28 U.S.C. § 2241(c), Mr. Rodriguez must be in custody for the purposes of the ICE detainer in order to challenge the detainer. Although there is no question that Mr. Rodriguez is in custody, he is not in ICE custody. Mr. Rodriguez does not assert, or provide any evidence, that immigration officials have taken any action with respect to his immigration status other than to issue a detainer, nor does he provide any evidence that a final order of deportation has been issued. A detainer only indicates that the ICE is going to make a decision about the deportability of an alien in the future. The fact that ICE has issued a detainer is not sufficient by itself to satisfy

the custody requirement. *See Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994). Because Mr. Rodriguez has failed to demonstrate that he is in ICE custody, the instant action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this 4th day of November, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01597-BNB

Jose Rodriguez
Prisoner No. 56938
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/5/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk